# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**JIMMY JOE LANSDELL**  **PLAINTIFF**
**ADC #108896**

**V.**          **NO: 3:17CV00019 JM/PSH**

**POINSETT COUNTY JAIL,** *et al.*          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jimmy Joe Lansdell filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on February 13, 2017 (Doc. No. 2). On February 15, 2017, the Court entered an order directing Lansdell to file an amended complaint within 30 days. *See* Doc. No. 3. Lansdell was cautioned that failure to file an amended complaint within that time would result in the recommended dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2). The Court's February 15 order was initially mailed to Lansdell at the Poinsett County Detention Center. Following a change of address filed by Lansdell (Doc. No. 4), the order was mailed to Lansdell's new address

at the Craighead County Detention Facility. That mail was returned as undeliverable, and the envelope was entered on the docket. *See* Doc. No. 5.

On March 14, 2017, the Court entered a text order. *See* Doc. No. 6. In the order, Lansdell was notified that the mail could not be delivered to him because he was no longer at the address he provided. Lansdell was directed to provide notice of his current mailing address by no later than thirty days from the entry of the March 14, 2017 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the text order could not be delivered to Lansdell because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 7.

More than 30 days have passed, and Lansdell has not complied or otherwise responded to the February 15 order or the March 14 order. Lansdell also failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Lansdell's complaint (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE.

DATED this 3rd day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE